UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LINDSEY N. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-72-SEB-WGH |
| | ) | |
| ASPEN DENTAL MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL**

This matter is before Honorable William G. Hussmann, Jr., United States Magistrate Judge, *sua sponte*, in order to clarify the Order on Plaintiff's Motion to Compel entered January 27, 2010. (Docket No. 28). In light of Defendant's Motion for Reconsideration filed February 4, 2010 (Docket No. 30), Plaintiff's Response filed February 4, 2010 (Docket No. 32), and Defendant's Reply filed February 5, 2010 (Docket No. 33), the Magistrate Judge believes that some clarification is required to his original order.

Plaintiff's Motion to Compel Discovery Responses filed January 25, 2010 (Docket No. 26) establishes that Plaintiff had submitted to Defendant her First Set of Interrogatories and First Request for Production of Documents on August 13, 2009. An agreed extension of time to respond was granted to and including October 14, 2009. A second agreed extension was granted to and including October 30, 2009. Despite two letters requesting prompt compliance, no

answers, objections, or explanations for the delay were provided to either the Plaintiff or the court. No motions for extension of time to respond were filed.

Counsel appeared at the settlement conference on January 26, 2010, some 90 days after the last granted extension, and did not provide any responses to the interrogatories or request for production or file any request for extension of time to complete them.

Plaintiff's Motion to Compel Discovery Responses was granted at the close of the settlement conference (though not docketed until the next day) because the Magistrate Judge believed that there were no impediments to obtaining answers or objections to the outstanding interrogatories or request for production. These discovery devices are straightforward, do not appear unduly burdensome, and ask questions normally elicited in this type of litigation. The motion was granted because communications with counsel at the settlement conference and the prior letters to Defendant's counsel (attached as Exhibits F and G to the motion to compel) constituted Plaintiff's counsel's reasonable attempts under Rule 37.1 to obtain compliance with the discovery prior to the filing of the motion to compel.

The motion to compel asked the court to assess reasonable costs. However, the costs requested by Plaintiff's counsel also included attorney's fees for attending the Magistrate Judge's settlement conference. This conference was not productive because Defendant had provided no basic information concerning the claim for Plaintiff's counsel to evaluate prior to the settlement conference.

It is not the Magistrate Judge's intention to determine at this time whether a sanction should be issued to Defendant or its counsel for failing to comply with the Magistrate Judge's standing orders to attend the settlement conference with an appropriate person authorized to discuss settlement. It is clear that Defendant's counsel appeared at the settlement conference without a client representative. Counsel did not advise the opposing counsel prior to the conference of his intention to do so. This is a clear violation of the Magistrate Judge's standing orders. However, it is the Magistrate Judge's normal practice to defer ruling on requests for sanctions until the completion of the litigation. This practice promotes judicial economy. If Plaintiff is a prevailing party and entitled to payment of fees, then the time spent by Plaintiff's counsel in attending the conference will be considered to be reasonable time spent in this case (and made necessary by Defendant's failure to comply with the Magistrate Judge's standing orders). The final attorney's fee award will take into account the time spent attending the settlement conference. In the event the parties settle the claim, they will settle it in a manner that provides agreeable compensation for Plaintiff's counsel's time in prosecuting the matter, including the time spent at the settlement conference. The court, therefore, will not be required to resolve the issue of the appropriate attorney's fees for the violation if the parties settle the claim. In the event Defendant prevails in this claim, Plaintiff may file a motion at the conclusion of the litigation for the payment of attorney's fees as a sanction for failing to appear at the settlement conference,

and the Magistrate Judge will need to address that issue at that point in time. However, since most cases are resolved without the necessity of doing this, the Magistrate Judge will defer that decision until after the resolution of the litigation.

Plaintiff's counsel has submitted an Affidavit establishing an hourly rate of Two Hundred Sixty-five Dollars ($265.00). (Docket No. 31). The Magistrate Judge concludes that this is a reasonable hourly fee for attorneys in the Evansville area. However, the attorney time subject to costs assessment here is the time necessary to produce the motion to compel related only to the failure to answer the interrogatories and request for production, not to the issue of appropriate attendance at the settlement conference. The time necessary to file a motion to compel related to failure to comply with discovery should be limited to one hour. Therefore, the Magistrate Judge hereby **AMENDS** his prior order on the motion to compel to direct that Defendant provide answers or objections to the pending discovery by not later than February 15, 2010, and that Defendant pay the sum of Two Hundred Sixty-five Dollars ($265.00) as a sanction for the fact that Plaintiff was required to file a motion to compel in this case. Defendant has shown no good cause why a delay of more than 90 days from the last agreed extension was necessary in this case. Counsel has a duty to obtain agreed extensions or file motions with the court if there are reasons establishing why discovery cannot be provided more than a few days late beyond any given deadline.

In light of this amended order, Defendant's Motion for Reconsideration (Docket No. 30) may not now fully address the Magistrate Judge's action in this case. In the event an appeal of this amended order under Federal Rule of Civil Procedure 72(a) must be taken, Defendant's counsel should notify the court and may either file a new motion for reconsideration or should notify the court that he requests the District Judge to proceed with respect to Defendant's Motion for Reconsideration filed February 4, 2010. (Docket No. 30). If Defendant no longer wishes to appeal the amended decision found in this order, a motion to withdraw its motion for reconsideration should be filed.

**SO ORDERED.**

Dated:  February 24, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL
  & SHOULDERS
jblanton@zsws.com

Michael A. Moffatt
LITTLER MENDELSON PC
mmoffatt@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL
  & SHOULDERS
LSchiff@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL
  & SHOULDERS
pshoulders@zsws.com