UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LINDSEY N. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:09-cv-72-SEB-WGH |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S SECOND
MOTION TO COMPEL DISCOVERY**

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, upon the Plaintiff's Second Motion to Compel Discovery filed March 16, 2010. (Docket Nos. 39-40). Defendant filed a Response on March 30, 2010. (Docket No. 44). Plaintiff filed a Reply on April 5, 2010. (Docket No. 45).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Plaintiff's Second Motion to Compel Discovery, as follows:

**1. Interrogatories and Requests for Production:**

**(a) Interrogatory No. 2:** The motion to compel is **GRANTED, in part.** Defendant shall identify by date, type of discipline administered, and decision maker who administered such discipline, and shall produce any documents related to such discipline for each and every incident of formal disciplinary action taken which defendant contends was administered to the plaintiff through and including

October 23, 2008.  Defendant's answer must be complete and may not purport to give only "examples."

**(b) Interrogatory No. 4**:  The motion to compel is **GRANTED**.  The Magistrate Judge finds the materials to be relevant, and there has been no showing that it is unduly burdensome to produce the items arising out of the defendant's investigation of plaintiff's complaints about Dr. Strickland.  The Magistrate Judge has reviewed paragraph 4 of the Confidential Settlement Agreement and notes that such information can be produced "when required by order of a court of competent jurisdiction."  Because the Magistrate Judge concludes that the circumstances surrounding the plaintiff's claim of discrimination against Dr. Strickland are relevant to her claim of retaliation in this case, those items must be produced.

**(c) Interrogatory No. 8**:  The motion to compel is **GRANTED, in part.**  Defendant shall identify by interrogatory answer and shall produce copies of any written complaint of sexual harassment, religious discrimination, or retaliation submitted to the defendant pursuant to any company-established policy or any documents received by the defendant from the EEOC or the ICRC alleging sexual harassment, religious discrimination, or retaliation for a period of two years prior to October 23, 2008.

**(d) Interrogatory No. 10:**  The motion to compel is **DENIED** as to this interrogatory because there is no allegation that plaintiff has filed a wage and hour claim or that the retaliation alleged in her Complaint resulted from her filing a complaint with or cooperating in an investigation with the Department of Labor.

  **(e) Interrogatory Nos. 12 and 13:** Defendant's objection as to these interrogatories, that disclosure is prohibited by paragraph 4 of the Confidential Settlement Agreement, is **OVERRULED,** and the motion to compel is **GRANTED, in part.** The information will be limited, however, to any complaint made against Dr. Strickland of sexual harassment for a period of two years prior to October 23, 2008.

  **(f) Interrogatory No. 14:** The motion to compel is **GRANTED, in part.** Defendant is to answer the interrogatory and produce documents which relate to any written complaint against Monica Daly alleging sexual harassment, religious discrimination, or retaliation submitted to the defendant pursuant to any company-established policy or any complaints received concerning Monica Daly referenced in a document from the EEOC or the ICRC for a period of two years prior to October 23, 2008.

  **(g) Request for Production No. 3:** The motion to compel is **DENIED** as this request is over broad. The filing of the Complaint is not a sufficient basis to request the "complete" file of all employees who have ever worked for or continue to work for defendant.

  **(h) Request for Production No. 4:** The motion to compel is **DENIED,** as this request is over broad and vague; however, plaintiff may amend this request for production to identify up to three persons who perform dental hygienist duties and were supervised by Monica Daly. Defendant shall provide all records arising out of a personnel file which address discipline administered to the three named

employees and records which reflect any promotions or other changes in employment status.

 **(i)**  **Request for Production No. 5:**  The motion to compel is **GRANTED** with respect to this request.

 **(j)**  **Request for Production Nos. 9 and 13:**  The motion to compel is **GRANTED** as the Magistrate Judge concludes that disclosure is not prohibited by the Confidential Settlement Agreement.  The defendant has not demonstrated that it is unduly burdensome to produce the items that are a part of the investigation of Dr. Strickland, and the Magistrate Judge finds that the materials are relevant to this case.

 **(k)**  **Request for Production No. 16:**  The motion to compel is **DENIED,** as this request is over broad, and the Magistrate Judge concludes that it would be unduly burdensome for the defendant to ascertain each and every meeting or discussion Monica Daly had from the date of plaintiff's employment.

 The information responsive to the Interrogatories and Requests for Production to be produced by defendant as a result of this order shall be served within fifteen (15) days of the date of this order.

**2.**  **Defendant's privilege log and claims for withholding of certain documents pursuant to the attorney-client privilege:**

 The Magistrate Judge has reviewed the attorney-client privilege log provided by defendant and concludes that the privilege log is inadequate.  Documents which

are withheld based upon a claim of privilege must be identified on a document-by-document basis, with certain rare exceptions. The categorizations found in defendant's privilege log do not comply with this requirement and do not allow the Magistrate Judge or the plaintiff to ascertain whether the privilege is properly asserted with respect to particular items. Defendant shall submit an amended privilege log within fifteen (15) days of the date of this order.

**3. Electronically stored information:**

This issue has not been briefed in a manner which allows the Magistrate Judge to resolve the conflict at this time. If the parties are unable to reach an agreement, they shall appear in person before the Magistrate Judge for a **HEARING** on **MONDAY, MAY 17, 2010,** at 11:00 a.m., Evansville time (CDT), in Room 335, Federal Building, Evansville, Indiana.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** April 12, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Michael A. Moffatt
LITTLER MENDELSON PC
mmoffatt@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com