UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LINDSEY N. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:09-cv-72- SEB-WGH |
| vs. ) | |
| ) | |
| ASPEN DENTAL MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING/OVERRULING DEFENDANT'S MOTION FOR RECONSIDERATION OF AND OBJECTION TO THE MAGISTRATE JUDGE'S AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**
(Docket No. 36)

On January 27, 2010, Magistrate Judge Hussmann issued an order granting Plaintiff's Motion to Compel, which: (1) required Defendant to respond to Plaintiff's discovery requests by February 8, 2010; and (2) invited Plaintiff to submit an affidavit of attorneys' fees and costs incurred in connection with her efforts to obtain the discovery at issue for the Court's consideration. [Docket No. 28.] Eight days later, Defendant moved the Court to reconsider and set aside Magistrate Judge Hussmann's ruling. [Docket No. 30.]

On February 24, 2010, in response to the Motion to Reconsider, Magistrate Judge Hussmann amended his earlier ruling by: (1) extending by the date by which Defendant was required to respond to Plaintiff's discovery requests; and (2) ordering Defendant to pay Plaintiff the sum of $265.00 "as a sanction for the fact that Plaintiff was required to file a motion to compel in this case." [Docket No. 35.] Sixteen days later, Defendant filed a *second* Motion to Reconsider. [Docket No. 36.] That *second* Motion to Reconsider is now before the Court.

1

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b), we must consider and modify or set aside the pretrial ruling, or any part thereof, issued by a magistrate judge that is clearly erroneous or contrary to law. Having reviewed Magistrate Judge Hussmann's rulings, the pending Motion for Reconsideration, and Plaintiff's response thereto, we find nothing about the Magistrate Judge's Amended Order Granting Plaintiff's Motion to Compel issued on February 24, 2010, that is clearly erroneous or contrary to law.

Defendant does not dispute that, at the time Magistrate Judge Hussmann issued his rulings, its responses to Plaintiff's discovery requests were some ninety (90) days overdue. Rather, Defendant argues that the Magistrate Judge was in error in ordering Defendant to pay $265.00 as a sanction for the fact that Plaintiff was "required" to file her Motion to Compel because Plaintiff was *not* "required" to file that motion. Defendant explains that it had promised Plaintiff the very day before she filed her Motion to Compel that its discovery responses would be forthcoming, so a motion to compel was neither necessary, nor reasonable and the Court acted improperly in imposing a sanction against Defendant based on the overly aggressive and unduly litigious decision of Plaintiff's counsel to file that unnecessary motion. Defendant further argues that it was improper for the Magistrate Judge to consider and rule upon Plaintiff's Motion to Compel because Plaintiff failed to include a "separate statement" itemizing her efforts to obtain Defendant's discovery responses, as required by Local Rule 37.1, and also failed to file a "separate supporting brief," as required by Local Rule 7.1(a). Finally, Defendant argues that Magistrate Judge Hussmann disregarded its due process rights by ruling on Plaintiff's Motion to Compel without affording Defendant the full time permitted under Local Rule 7.1(b) to file a written response and a reasonable opportunity to be heard. The Court is not persuaded by any of these arguments.

First, we reject Defendant's argument that there was no need for Plaintiff to file her Motion to Compel. Defense counsel's promise on January 24, 2010, to provide the discovery at issue "as quick as I can" and to "get with" Plaintiff's counsel to work out a discovery schedule sometime *after* Magistrate Judge Hussmann's January 26, 2010, settlement conference was vague and non-committal. Defense counsel offered no specific date by which the discovery would be provided, leaving the matter completely open-ended. Given that Defendant's responses were already some ninety (90) days overdue, its offer that the discovery would ultimately be served promised virtually nothing. The fact that the parties were scheduled to see the Magistrate Judge on January 26, 2010, gave rise to Plaintiff's reasonable hope and expectation that the long-awaited discovery production could be addressed at that time. Thus, Plaintiff filed her Motion to Compel on January 25, 2010. We reject Defendant's contention that Plaintiff's decision to file that motion at that time lacked legal or factual justification. Moreover, the modest sanction imposed by the Magistrate Judge of $265.00, representing the cost associated with a single billable hour of Plaintiff's counsels' time, was also reasonable. The "bottom line" is that the discovery had not been provided, it was well past due, Plaintiff had contacted Defendant several times to inquire about it, and Defendant still had not committed to a date certain by which it would be in Plaintiff's hands.

Second, we reject Defendant's argument that it was improper for the Magistrate Judge to consider and rule upon Plaintiff's Motion to Compel because Plaintiff had failed to comply with Local Rule 37.1. We agree with Magistrate Judge Hussmann's finding that exhibits attached to Plaintiff's Motion to Compel show that Plaintiff's counsel did, in fact, communicate with defense counsel and make reasonable efforts to obtain Defendant's discovery responses before filing the Motion to Compel, which is what Local Rule 37.1 requires. In any event, if there is good reason

3

to grant a motion to compel, as there was here, the lack of a "separate statement" titled as such does not preclude the Court from ruling.

Third, we reject Defendant's argument that it was improper for the Magistrate Judge to consider and rule upon Plaintiff's Motion to Compel without a "separate supporting brief." The motion that was filed, together with the supporting exhibits, set forth the facts and issues with sufficient clarity that the Magistrate Judge was able to understand the matter presented and rule upon it. While the Magistrate Judge could have requested a separate supporting brief, he apparently saw no need for one, and Local Rule 7.1(a) does not preclude the Court from ruling on a motion to compel simply because there is no "separate supporting brief."

Finally, we reject Defendant's argument that Magistrate Judge Hussmann disregarded Defendant's due process rights by ruling on Plaintiff's Motion to Compel without affording Defendant a reasonable opportunity to be heard. Although Local Rule 7.1(b) establishes a briefing schedule for motions filed with the Court, the rule also permits the Court to alter the briefing schedule or eliminate briefing completely, and the fact that Magistrate Judge Hussmann ruled on Plaintiff's Motion to Compel before Defendant filed a written response does not mean that Defendant's due process rights were disregarded. Defense counsel appeared at the settlement conference on January 26, 2010, and a discussion about Plaintiff's Motion to Compel ensued at that time. Accordingly, Defendant did, in fact, have a reasonable opportunity to present its position to the Magistrate Judge before he ruled. In any event, Defendant's arguments in opposition to Plaintiff's Motion to Compel have since been set forth in writing in the Motion for Reconsideration now before the Court, and, having fully reviewed them, we find that they are not any more persuasive in writing than they apparently were when they were discussed orally with the Magistrate

Judge.

For the reasons stated above, we **DENY** Defendant's Motion for Reconsideration of and **OVERRULE** its Objection to Magistrate Judge Hussmann's Amended Order Granting Plaintiff's Motion to Compel dated February 24, 2010.  Accordingly, that order is affirmed.

IT IS SO ORDERED.

Date: \_\_05/06/2010\_\_\_\_\_

                                                      SARAH EVANS BARKER, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Copies to:

Adam Harper Berry
LITTLER MENDELSON PC
aberry@littler.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS
jblanton@zsws.com

Michael A. Moffatt
LITTLER MENDELSON PC
mmoffatt@littler.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com